UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY LOU BAEZ,

    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC. et al,

    Defendants.

Civil Action No. 18-1894 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Marriott International, Inc.'s ("Defendant" or "Marriott") motion to dismiss Plaintiff Mary Lou Baez's ("Plaintiff") Complaint pursuant to the doctrine of *forum non conveniens*. (ECF No. 5.) Plaintiff filed opposition (ECF No. 6) and Defendant replied (ECF No. 7). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendant's motion to dismiss on the ground of *forum non conveniens*.

**I.    Background**

    Plaintiff's Complaint stems from a November 2016 trip to Marriott's Playa Andaluza, a resort in Estepona, Spain.[1] (Pl.'s Opp'n Br. 1, ECF No. 6.) Plaintiff, a New Jersey resident, booked

---

[1] On November 21, 2011, Marriott "spun off Marriott Vacations Worldwide Corporation ("MVWC") into a separately traded public company." (Affidavit of W. David Mann ¶ 3, ECF No. 5-4.) The resort in question, Playa Andaluza, is owned and operated by a subsidiary of MVWC, not Marriott. (*Id.* ¶ 5.) The resort uses the "Marriott" brand pursuant to a licensing agreement between Marriott and MVWC. (*Id.* ¶ 6.)

the trip through Expedia.com from her computer in Hillsborough, New Jersey. (*Id.*) On November 13, 2016, Plaintiff allegedly became tangled in the bedding of her resort room and fell. (*Id.*) Plaintiff, as a result, suffered a right knee fracture and was confined to a wheelchair and her room until she was able to fly home on November 16, 2016. (*Id.*) Plaintiff was treated for her injury in Spain prior to her return to the United States. (*Id.*)

Plaintiff filed this action in New Jersey Superior Court, Law Division, Somerset County on January 9, 2018, alleging negligence against Defendant, as well as unknown individuals and legal entities. (Compl. 2, ECF No. 1-2.) Defendant then removed the action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Notice of Removal 1, ECF No. 1.) Marriott International now moves to dismiss, arguing that the case should be dismissed under the doctrine of *forum non conveniens* because it should be brought in Spain, or, in the alternative, the case should be dismissed because the Court lacks personal jurisdiction over Marriott International.

## II. Legal Standard

For an action to proceed in federal court, there must be jurisdiction over both the parties and the claim. When deciding a motion to dismiss based on the doctrine of *forum non conveniens*, however, a court may "[bypass] questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007). If a court can easily determine the lack of jurisdiction over a defendant or an action, the court should dismiss the claim for a lack of jurisdiction. *Id.* at 436. "But where subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course." *Id.*

2

In deciding a motion to dismiss based on *forum non conveniens*, courts must examine whether trial in the proposed forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). For a *forum non conveniens* dismissal to be appropriate, a defendant must first establish that there is an alternative forum for the dispute. "Once a defendant establishes that another forum is adequate (and available) to hear the case, the focus then shifts to the private and public interest factors catalogued in *Gulf Oil* and *Piper*." *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991). There are four factors to assist district courts in their *forum non conveniens* analysis: "(1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amendable to process and plaintiffs' claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum." *Kisano*, 737 F.3d at 873; *see also Wilmot v. Marriott Hurghada Mgmt., Inc.*, 712 F. App'x 200, 202 (3d Cir. 2017).

### III. Discussion

When petitioning a court on a motion to dismiss pursuant to the doctrine of *forum non conveniens*, Defendant bears the burden of persuasion. *Lacey*, 932 F.2d at 180. First, Defendant must establish that an adequate alternative forum exists. *Id.* Second, if Defendant establishes an adequate alternative forum, it must then show that the private and public interest factors "tip[] decidedly in favor of trial in the foreign forum." *Id.* "If, when added together, the relevant private and public factors are in equipoise, or even if they lean only slightly toward dismissal, the motion to dismiss must be denied." *Id.*

### A. Availability of an Adequate Alternative Forum

The adequate alternative forum requirement of a *forum non conveniens* motion is typically satisfied if the defendant is "amenable to process" in the foreign jurisdiction. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (quotation omitted); *see also Doe v. Ritz Carlton Hotel Co., LLC*, 666 F. App'x 180, 183 (3d Cir. 2016) ("District Court reasonably concluded that the Cayman Islands presented an adequate alternative forum because Appellee was amenable to service of process there, the tort of negligence was recognized there, and the applicable statute of limitations had not expired."); *Kisano*, 737 F.3d at 873 n.1 (defendants consented to jurisdiction in Israel and, therefore, satisfied the adequate alternative forum requirement); *Dahl v. United Techs. Corp.*, 632 F.2d 1027, 1029 (3d Cir. 1980) (affirming *forum non conveniens* dismissal where defendants "expressly consented to personal jurisdiction in Norway"). "In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative, and the initial requirement may not be satisfied." *Piper*, 454 U.S. 235 at 254 n.22; *Kisano* 737 F.3d at 837 (adequate alternative forum requirement also demands that "plaintiffs' claims are cognizable" in the foreign forum).

Here, Defendant consents to jurisdiction in Spain and states that "there is nothing about Spanish law or the Spanish judicial system that would render Spain an inadequate forum." (Def.'s Moving Br. 7.) Defendant, appreciating that Spain's statute of limitations may prohibit Plaintiff from filing this action, also waives the defense of statute of limitations. (*Id.* at 8.) Further, Defendant provides an affidavit from Paulino Fajardo, a partner at an international law firm in Madrid, Spain, in support of its motion. (Fajardo Affidavit, Exhibit D ¶ 2, ECF No. 5-7.) Mr. Fajardo asserts that, in Spain, negligence is a cognizable claim that provides victims with "full and

4

comprehensive reparation of damages," for temporary disabilities, permanent injuries, and medical expenses. (*Id.* ¶¶ 6-8, 12.)

Plaintiff argues that an action in Spain, which does not provide jury trials in civil actions, would constitute a violation of the Seventh Amendment of the U.S. Constitution. (Pl.'s Opp'n Br. 4.) This argument, however, must be rejected. While adequate alternative forums must provide a venue for cognizable claims, they do not have to be perfectly similar to the plaintiff's choice of venue. *Ritz Carlton*, 666 F. App'x at 185 n.2. Further, the Third Circuit, in *Doe v. Ritz Carlton Hotel Co., LLC*, previously rejected arguments opposing a *forum non conveniens* dismissal on the basis of a Seventh Amendment violation, stating:

> [N]otwithstanding the possibility that Appellants' tort claim will be heard in the Cayman Islands by a judge rather than a jury, Appellants have not demonstrated, for example, that 'the *remedy* provided by the alternative forum is so clearly inadequate or unsatisfactory that it is *no remedy* at all,' or that the Cayman Islands' legal system is 'so corrupt that it can[not] serve as an adequate forum.'

*Id.* (citations omitted).

Here, Plaintiff fails to demonstrate that Spain would be an inadequate location for this action and would not provide an adequate remedy for her claim. Defendant, therefore, satisfies the its burden of establishing an adequate alternative forum for the present action.

### B. Plaintiff's Choice of Forum

"Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome *only* when the balance of the public and private interests clearly favors an alternative forum." *Windt v. Qwest Commc'ns. Int'l, Inc.*, 529 F.3d 183, 189 (3d Cir. 2008) (emphasis added). "When a plaintiff chooses her 'home forum'— where she is a resident or citizen—her choice of forum is entitled to greater deference, because it is 'reasonable to assume that this choice is convenient.'" *Suhail v. Trans-Americainvest (St. Kitts),*

*Ltd.*, No. 14-7386, 2015 WL 4598809, at *3 (D.N.J. July 29, 2015) (quoting *Piper Aircraft*, 454 U.S. at 256)). A plaintiff's choice of forum, however, should not be given dispositive weight and "if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Piper Aircraft*, 454 U.S. at 255 n.23. Here, Plaintiff is a New Jersey resident and is, therefore, entitled to greater deference on her choice of forum.

### C. Private Interest Factors

The presumption towards a plaintiff's choice of forum "may be overcome *only* when the balance of the public and private interests *clearly* favors an alternative forum." *Windt*, 529 F.3d at 190 (emphasis added). The private interests a court must consider when deciding a motion to dismiss based on *forum non conveniens* include: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing[] witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). When analyzing these factors, courts "must scrutinize the substance of the dispute . . . to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's cause of action." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988).

The Third Circuit has repeatedly held that, when the overwhelming majority of witnesses and evidence reside in a foreign forum, dismissal on the grounds of *forum non conveniens* is appropriate. *Kisano*, 737 F.3d at 878 ("The location of the parties, their witnesses, and the availability of evidence favor resolution in Israel. The District Court did not abuse its discretion in concluding that the private interest factors weighed in favor of dismissal."); *see also Wilmot*, 712

6

F. App'x at 203 (affirming district court's dismissal, Third Circuit stated "the alleged injury occurred in Egypt at an Egyptian hotel, in the presence of witnesses form the United Kingdom and Egypt."); *Ritz Carlton*, 666 F. App'x at 184 ("It was also reasonable for the District Court to conclude that factors favoring dismissal—such as that any sources of proof as to Appellee's potential negligence were located in the Cayman Islands—outweighed factors favoring a PA forum.").

The present action involves an injury sustained in a Spanish resort room, allegedly because of the negligence of the resort's employees. (Pl.'s Opp'n Br. 1.) The hotel's employees, the physical room, and the medical professionals that initially treated Plaintiff are all in Spain. (*Id.*) Plaintiff argues that a New Jersey forum is nevertheless appropriate because several of Plaintiff's witnesses, particularly her medical providers, reside in New Jersey. (*Id.* at 7.) Plaintiff contends that Spanish-based witnesses can appear via video teleconferencing, and access to the resort room in question could be satisfied through an expert who performed a "one-time inspection of the room." (*Id.* at 6-7.) Finally, Plaintiff states that she is of modest means and, therefore, litigation abroad would impose significant difficulties. (*Id.*)

Several cases similar to Plaintiff's involving a foreign hotel's alleged negligence and fault have been dismissed on the grounds of *forum non conveniens*. *Wilmot*, 712 F. App'x at 203 (negligence action based on a poolside injury at an Egyptian hotel); *Ritz Carlton*, 666 F. App'x at 184 (negligence action based on alleged sexual assault at a Cayman Island hotel); *Suhail*, 2015 WL 4598809, at *5 (negligence action based on an infrastructure collapse at a St. Kitts hotel). The majority of the evidence and witnesses in this action are located in Spain, including the premises in question. Furthermore, Plaintiff's New Jersey medical providers are pertinent only to her damages analysis, which only becomes relevant in the event that she establishes liability. *Id.* at *4

(quoting *Lynch v. Hilton Worldwide, Inc.*, No. 11-1362, 2011 WL 5240730, at *4 (D.N.J. Oct. 31, 2011)). Plaintiff also cites the Second Circuit's decision in *Carey v. Bayerische Hypo-Und Verinsbank AG* in support of her argument that, because of her financial means and the difficulties that would be imposed upon her if the litigation were held in Spain, this Court should retain jurisdiction for this action. (Pl.'s Opp'n Br. 7.) In *Carey*, however, the Second Circuit found that dismissal was still appropriate upon a balance of the factors because of the difficulties the foreign defendant would encounter to secure the presence of witnesses in the United States. *Carey v. Bayerische Hypo-Und Vereinsbank AG*, 370 F.3d 234, 238 (2d Cir. 2004). The Court finds, therefore, that the private interest factors in the present action weigh in favor of dismissal.

### D. Public Interest Factors

The public interest factors include: (1) the possibility of court congestion; (2) the "local interest in having localized controversies decided at home"; (3) "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (4) avoiding problems with respect to potential conflicts of law or the application of foreign law; and (5) the desire to not burden citizens in an unrelated forum with jury duty. *Piper*, 454 U.S. at 241 n.6 (quoting *Gulf Oil*, 330 U.S. at 509). "In evaluating the public interest factors[,] the district court must 'consider the locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to the plaintiff's chosen forum.'" *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 48 (3d Cir. 1988) (quoting *Van Cauwenberghe*, 486 U.S. at 528)).

Here, Defendant argues that: (1) retention of this matter will result in "the 'complicated and time-consuming process' of issuing letters of rogatory to consulate in [Spain] "to compel the depositions of any unwilling witnesses"; (2) Spain has an interest in trying the case at home; (3) Spanish law will likely be the applicable law in this case; and (4) keeping the action in this

Court would improperly burden New Jersey residents. (Def.'s Moving Br. 13-14.) Plaintiff, on the other hand, responds only that New Jersey has a stronger public interest in this action than Spain. (Pl.'s Opp'n Br. 8.) Specifically, Plaintiff cites that she booked the trip while in New Jersey and relied upon Defendant's well-recognized name when doing so. (*Id.*)

The Court finds that, on balance, the public interest factors weigh in favor of dismissal. As this Court has previously stated:

> The citizens of New Jersey simply do not have a strong public interest in hearing a personal injury case arising out of injuries sustained by the [p]laintiff . . . in a hotel in St. Kitts. St. Kitts, in contrast, has a strong public interest in the resolution of this case because the torts were sustained in its jurisdiction.

*Suhail*, 2015 WL 4598809, at *6. The only connection between the present action and New Jersey is that Plaintiff booked her trip online while in New Jersey. This does not outweigh the burden on the Court and New Jersey jurors or Spain's interest in trying this case—involving a Spanish resort, Spanish employees, and Spanish law—at home.

The Court finds, therefore, that the public interest factors in the present case, combined with the private interest factors, weigh heavily in favor of dismissal.[2]

---

[2] The Court further notes that there may not be personal jurisdiction over all Defendants. Although the Court need not address the personal jurisdiction arguments raised in the briefing because the case is being dismissed on the grounds of *forum non conveniens*, the Court notes that, at least on the face of the Complaint, it is not clear that the Court would have personal jurisdiction over Defendants.

## IV. Conclusion

For the reasons set forth above, Defendant's motion to dismiss on the grounds of *forum non conveniens* is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE